393 U.S. 1048
 89 S.Ct. 478
 21 L.Ed.2d 554
 Capt. Dale E. NOYD
v.
Maj. Gen. Charles R. BOND, Jr., et al.
 No. 830.
 Dec. 24, 1968.
 
 Mr. Justice DOUGLAS.
 
 
 1
 Petitioner, incarcerated as a result of a court martial, has filed a petition for writ of certiorari to the Tenth Circuit Court of Appeals denying him standing to challenge the place and manner of his incarceration[1] prior to final review of his conviction because he had not exhausted all of his military remedies. Unlike Gusik v. Schilder, 340 U.S., 128, 71 S.Ct. 149, 95 L.Ed. 146, this habeas corpus proceeding in the federal courts does not challenge purported error in a court martial trial prior to exhaustion of military remedies. Rather the question is whether the doctrine of exhaustion of military remedies applies where the question is whether the court martial authority acts outside its jurisdiction. Cf. United States ex rel. Guagliardo v. McElroy, 104 U.S.App.D.C. 112, 259 F.2d 927, 929, aff'd 361 U.S. 281, 80 S.Ct. 305, 4 L.Ed.2d 282. That question seems to be one of first impression.
 
 
 2
 The question seems to me to be a substantial one on which the full Court should pass, which it will not be able to do until January 10, 1969.[2] I therefore have concluded that until the Court is able to pass on the petition for writ of certiorari, petitioner should be placed in a non-incarcerated status, which as the District Court said, should prevent his superiors from 'assigning the plaintiff to combat activity or requiring him to perform duties whereby he will be perhaps faced with the necessity of a General Court Martial or other proceedings that might injure him as a practical matter.'
 
 
 3
 The precise terms and conditions may be settled by the District Court.
 
 
 
 [1]
 Art. 71(c) of the Uniform Code of Military Justice provides: 'No sentence which includes, unsuspended, a dishonorable or bad-conduct discharge, or confinement for one year or more, may be executed until affirmed by a board of review and, in cases reviewed by it, the Court of Military Appeals.'
 
 
 [2]
 My Brother White denied this application December 18, 1968; and I would therefore take this present application to the full Court were the members available. But since I feel that a substantial question is presented by the petition for writ of certiorari and since the problem raises a further issue, also unresolved, concerning the scope of review by the Court of Military Appeals and the role reserved for the regular federal courts, I feel that petitioner is entitled to relief pending consideration of the petitio for certiorari January 10, 1969.